UNITED STATES of America, Appellee,

v.

Mary Y. KING, Appellant.

No. 81–5037.

United States Court of Appeals,
Fourth Circuit.

Submitted April 28, 1981.

Decided June 9, 1981.

Jonathan Shapiro, Zwerling & Shapiro, P.C., Alexandria, Va., on brief, for appellant.

Justin W. Williams, U. S. Atty., Alexandria, Va., Sara Criscitelli, Sp. Asst. U. S. Atty., on brief, for appellee.

Before HAYNSWORTH, Senior Circuit Judge, HALL, Circuit Judge, and ERWIN,* District Judge.

K. K. HALL, Circuit Judge:

Mary Y. King was convicted by a United States magistrate for "unreasonably obstructing" the use of an entrance to federal property in violation of 41 C.F.R. § 101–20.-305 (1979).[1] King now appeals the judgment on several grounds.[2] Because we find the appellant was impermissibly denied the opportunity to make a closing argument, we reverse the judgment below and remand for a new trial.

Ms. King was part of a group of anti-war demonstrators who had been involved in a protest at the Pentagon earlier on the day of her arrest. The appellant was observed by Police Officer Johnson, as she was standing with a companion between the end of a handrail and a large pillar near a doorway to the Pentagon. At trial Officer Johnson testified that he saw two men attempt to get by the appellant and her companion in order to walk down the steps. He stated that he heard one of the men ask King to move and she refused to do so. He then approached King and asked her to step aside. When she did not react, she was arrested.

King testified that she had not intended to block the entrance, that she had not heard either of the men ask her to move, and that she had not heard Officer John-

---

* Honorable Richard C. Erwin, United States District Judge for the Middle District of North Carolina, sitting by designation.

1. "Any unwarranted loitering, disorderly conduct, or other conduct on property which creates loud or unusual noise or a nuisance; which unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors, offices, elevators, stairways, or parking lots; which otherwise impedes or disrupts the performance of official duties by Government employees; or which prevents the general public from obtaining the administrative services provided on the property in a timely manner, is prohibited."

2. In light of the disposition of this case on constitutional grounds we need not decide the other issues raised on appeal: the sufficiency of the evidence and the admissibility of statements heard by the arresting officer.

son's request to step aside. The appellant further stated that even if she had been aware that she had been asked to move, she could not have done so because she was blocked by police in front and a crowd behind. However, Officer Johnson was recalled by the government and testified that neither the positioning of the crowd nor the police would have prevented King from moving.

When the parties rested their cases, the magistrate immediately reviewed the evidence and promptly found the defendant guilty. Defense counsel stated that he had not intended to waive closing argument by resting his case. The following colloquy took place:

> "THE COURT: Go ahead if you want to argue it. I have already made my finding. It's not going to change anything, Mr. Shapiro
>
> If you want to argue the case for the record, for the appeals, that's fine as far as I'm concerned. But this case has gone on. I have given you at least fifteen minutes to confer with your own clients in the courtroom here.
>
> MR. SHAPIRO: Yes, sir.
>
> THE COURT: And we have other people waiting here on drug charges and we have a number of cases that have to get on this afternoon.
>
> MR. SHAPIRO: Well, certainly, I would have preferred to argue, but if it's not going to change the Court's mind, I don't see any reason, at this point, to do it.
>
> THE COURT: It's not, based on the defendant's own statement."

(Trial Transcript, p. 54).

The appellant and her attorney were permitted to speak briefly before sentence was imposed. King was fined $25.00. Her conviction was affirmed by the district court.

■ King contends her Sixth Amendment right to effective assistance of counsel was violated when the magistrate rendered his judgment without allowing her to make a closing argument. We agree. Our decision is compelled by Justice Stewart's opinion in *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). At issue in *Herring* was a New York statute which permitted the presiding judge in non-jury criminal cases to completely deny counsel the opportunity to make a summation of the evidence before the verdict was announced. The Court held that the complete denial of this opportunity violated the defendant's Sixth Amendment right to effective assistance of counsel. The right of a defendant to make a closing summary of the evidence is "a basic element of the adversary factfinding process" [3] which applies in both jury and non-jury trials,[4] and the denial of that right is not harmless error. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966), but cf. *United States v. Morrison*, — U.S. —, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981) (dismissal of indictment unjustified absent showing of prejudice to ability of counsel to provide adequate representation).

While this trial was not complex or lengthy, the need for closing argument was still compelling. As the Court recognized in *Herring*, 422 U.S. at 862–64, 95 S.Ct. at 2555–56, final argument serves several purposes: it clarifies and sharpens the issues, it gives the defense one last chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt, and in the context of a nonjury trial, it aids the judge's decision-making process by providing the stimulus of opposing viewpoints. King was denied the opportunity to present her version of the facts through persuasive argument. With this vital part of the factfinding process omitted, we cannot say the appellant received effective assistance of counsel.

The government contends *Herring* is not controlling because counsel was given an opportunity to proceed with closing argument but made a tactical decision to waive it. Technically, the magistrate did offer counsel the opportunity to exercise this

---

3. *Herring*, 422 U.S. at 858, 95 S.Ct. at 2553.

4. *Id.* at 863, n.15, 95 S.Ct. at 2556 n.15.

right; however the magistrate unequivocably stated that a closing argument would not change his mind. This is not the kind of environment in which a defendant's interests can be effectively advocated. Because of the absence of any real opportunity to proceed with closing argument, we find the appellant did not waive this right. *United States v. Walls*, 443 F.2d 1220 (6th Cir. 1971).

When we are dealing with defendants who face fines and imprisonment, we cannot permit this type of restriction on the presentation of the defendant's case. Of course, the trial court retains the broad discretion to limit the scope and duration of all phases of a trial, including closing argument; however, this discretion must be exercised with proper regard for the defendant's constitutional rights.

Accordingly, the judgment of the district court is reversed and remanded for further proceedings consistent with this opinion.

*REVERSED AND REMANDED.*