48 F.3d 1217
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Edward BOSTIC, Defendant-Appellant.
 No. 94-5441.
 United States Court of Appeals, Fourth Circuit.
 Argued: December 9, 1994
Decided: February 23, 1995
 
 ARGUED: George Alan DuBois, Jr., Assistant Federal Public Defender, Raleigh, NC, for Appellant. John Samuel Bowler, Assistant United States Attorney, Raleigh, NC, for Appellee. ON BRIEF: Janice McKenzie Cole, United States Attorney, Raleigh, NC, for Appellee.
 Before NIEMEYER and MICHAEL, Circuit Judges, and MESSITTE, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 I.
 
 1
 Joseph E. Bostic claims he was deprived of due process of law, effective assistance of counsel, and rights under the Federal Rules of Criminal Procedure when his supervised release was revoked. The deprivation occurred, he says, when the district court failed to give his counsel an opportunity to present mitigating evidence or to argue prior to the court's decision to revoke. Because the record reveals no such denial of rights, we affirm.
 
 II.
 
 2
 On December 8, 1993, Bostic pled guilty to one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1). On March 3, 1994, he received a sentence of time served and was placed on supervised release for a period of 24 months with a condition that he reside in the community treatment center for a period of six months. On April 25, 1994, the probation office filed a motion for revocation, alleging that Bostic had violated his supervised release by failing to abide by the rules and regulations of the community corrections center from which he had been discharged as a program failure.
 
 
 3
 The hearing before Judge Boyle was brief. The court had before it the motion for revocation and began by asking Bostic's counsel if Bostic admitted the violation. Counsel responded that his client did. The Assistant United States Attorney then indicated the sentencing guideline range (7-13 months incarceration), pointing out that the court could depart upward to the extent of the 24-month supervised release period. The court considered Bostic's time served, his cooperation in another prosecution, and the fact that Bostic had "violated at his first opportunity." Judge Boyle then expressly inquired if Bostic had anything he wanted to say, to which Bostic responded:
 
 
 4
 Mr. Bostic: Yes. I know--I admit that I was wrong for missing a day at work, and I had no intentions of coming back here before you. But I really don't feel that just because I made a simple mistake--I understand that I was wrong. But I didn't intend on this happening like this.
 
 
 5
 I had no intention of this happening like this. I am sorry it had to happen.
 
 
 6
 The court did not directly address Bostic's counsel, nor did counsel give any indication of a desire to be heard. The court thereupon revoked Bostic's supervised release and sentenced him to twenty (20) months in prison. No post-trial motions were filed.
 
 
 7
 Characterizing the district court's actions as a "denial" of the opportunity to present evidence or to have his counsel heard, Bostic presses his constitutional and statutory claims on appeal. Inasmuch as Bostic did not raise below the errors he asserts in this court, we review the case on the basis of "plain error." Fed.R.Civ.P. 52(b); United States v. Olano, 113 S.Ct. 1770 (1993).
 
 III.
 
 8
 Under the United States Constitution, individuals facing revocation of supervised release are entitled to certain due process protections. Gagnon v. Scarpelli, 411 U.S. 778 (1973); Morrissey v. Brewer, 408 U.S. 471 (1972); United States v. Stephenson, 928 F.2d 728, 732 (6th Cir.1991). Due process requires that, before revocation, a defendant be granted a hearing and "have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." Stephenson, 928 F.2d at 732 (quoting Morrissey v. Brewer, 408 U.S. at 488 (1972)). Federal Rule of Criminal Procedure 32.1(a)(2)(C) confirms the defendant's entitlement to "an opportunity to appear and to present evidence in (his) own behalf." Whether due process or the right to effective assistance of counsel imports an unqualified right to make a closing argument in revocation proceedings is less certain. Herring v. New York, 422 U.S. 853 (1975), cited by Bostic in support of that proposition, actually involved denial of the right of counsel to sum up at trial, in that case a bench trial. See also United States v. King, 650 F.2d 534 (4th Cir.1981); United States v. Walls, 443 F.2d 1220 (6th Cir.1971); Yopps v. State, 228 Md. 204, 178 A.2d 879 (1961). In fact, the Court in Herring, after reviewing the benefits of closing argument at trial, specifically held that it was dealing "only with final argument or summation at the conclusion of the evidence in a criminal case. Nothing said in this opinion is to be understood as implying the existence of a constitutional right to oral argument at any other stage of the trial or appellate process." 422 U.S. at 863, n. 13.
 
 
 9
 Moreover, in Gagnon, the seminal case dealing with due process in probation revocation proceedings, the Court had observed that "the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings," Gagnon, 411 U.S. at 790. For present purposes, however, we shall assume that due process and the right to effective assistance of counsel include the right of counsel to sum up in a revocation proceeding.
 
 
 10
 There is no question that Bostic was given a hearing in the present case at which he was accompanied by his attorney. The question is whether he was denied his right to present evidence or have his counsel heard in summation.
 
 IV.
 
 11
 "The first limitation on appellate authority under Rule 52(b) is that there be 'error,' " i.e. that there be a deviation from a legal rule unless it has been waived. Olano, 113 S.Ct. at 1777. We find no deviation on the part of the trial court from the requirement that Bostic be given an opportunity to present evidence in this case because he was in fact given that opportunity.
 
 
 12
 Revocation proceedings are often summary in nature, especially where there is little or no dispute about the fact of violation. As the Supreme Court observed in Gagnon:
 
 
 13
 In most cases, the probationer or parolee has been convicted of committing another crime or has admitted the charges against him. And while in some cases he may have a justifiable excuse for the violation or a convincing reason why revocation is not the appropriate disposition, mitigating evidence of this kind is often not susceptible of proof or is so simple as not to require either investigation or exposition by counsel. (Footnote omitted)
 
 
 14
 Gagnon, 411 U.S. at 787.
 
 
 15
 This was just such a case. Either Bostic had complied with the community center's rules, a condition of his supervised release, or he had not. According to the probation officer, Bostic admitted to not reporting to work but rather to going home and spending time with his girlfriend and family. One would suppose that Bostic, who had been sentenced by Judge Boyle less than three months before, might have little to add on the issue of violation; nonetheless, it is clear that Judge Boyle gave him an opportunity to do so. The very first question at the hearing was directed to Bostic's counsel who communicated his client's admission of a material violation of a condition of release. When Bostic himself was asked if he had anything to say, he responded "I was wrong for missing a day at work," without in the least attempting to justify why he had done so. In no way did Judge Boyle limit the time for Bostic's response. Equally significant, the court's inquiry as to whether Bostic had anything to say, though directed to Bostic, was undoubtedly aimed at his attorney as well. Cf. Green v. United States, 365 U.S. 301, 304-305 (1961). ("The single pertinent sentence--the trial judge's question'Did you want to say something?'--may well have been directed to the defendant and not to his counsel.... The defendant has failed to meet his burden of showing that he was not accorded the personal right which Rule 32(a) guarantees, and we therefore find that his sentence as not illegal.") At no point did Bostic's counsel ask for a chance to elaborate upon Bostic's explanation or to present further and different evidence; indeed he never filed a motion to reopen the record or a motion to reconsider after the court had reached its decision. Although Judge Boyle may not have expressly asked counsel whether he had further evidence to put in, neither did he in any way affirmatively deprive counsel of such an opportunity. Compare King, 650 F.2d 534 (affir mative denial of right to sum up at trial); Walls, 443 F.2d 1220 (same); Yopps, 228 Md. 204 (same); Cf. Hill v. United States, 368 U.S. 424, 429 (1962) (no affirmative denial of defendant's right to speak at sentencing); Ashe v. State of North Carolina, 586 F.2d 334 (4th Cir.1978) (affirmative denial of defendant's right to speak at sentencing). From all that appears, the decision of Bostic's counsel not to offer evidence might have been a wise tactical choice under the circumstances. We conclude that, to the extent Bostic and his counsel offered no further explanation than they did, Bostic intentionally relinquished or abandoned his known right to do so. See Johnson v. Zerbst, 304 U.S. 458 (1938); see also Olano, 113 S.Ct. at 1777-1778.
 
 
 16
 What is true with regard to the presentation of evidence also holds with regard to the opportunity to argue. Judge Boyle's inquiry whether Bostic had anything to say went both to the issue of violation and revocation. Bostic obviously understood this to be so because he responded to both concerns. He admitted he "was wrong for missing a day at work," then went on to say, "But I really don't feel that just because I made a simple mistake--I understand that I was wrong. But I didn't intend on this happening like this." Again the district court's invitation to Bostic to argue extended equally to defense counsel who, as stated, chose not to speak. Again in no sense can it be said that the district court affirmatively denied counsel the opportunity to argue, as for example, by telling him that any argument would be futile. See e.g. King, 650 F.2d at 534.[1] Finally, just as the right to present evidence can be waived, the right to sum up can also be foregone. See e.g. United States v. Spears, 671 F.2d 991 (7th Cir.1982). We find on this record that Bostic, as between himself and counsel, knowingly relinquished any right Bostic may have had to have his counsel argue further. See Olano, 113 S.Ct. at 1777; see also 2 W. LaFave & J. Israel, Criminal Procedure Sec. 11.6 (1984) (allocation of authority between defendant and counsel).[2]
 
 
 17
 Accordingly the decision of the district court is
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Bostic contends that "[t]hough it does not appear in the record, it must be noted that immediately following the hearing, Mr. Freedman [Appellant's counsel] approached the court to protest its failure to let him speak and to let the court know that he desired and fully intended to argue on Mr. Bostic's behalf." Bostic provides no explanation why his counsel never stated his desire to speak on the record or why no post-trial motion, accompanied by appropriate affidavit, was submitted to the district court. We decline to consider these extra-record matters on appeal. See Colonial Penn Insurance Company v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) (appellate court normally will not consider facts outside the record on appeal)
 
 
 [2]
 Bostic proffers that his counsel would have argued to the district court that the Government erred in telling the court that Bostic had served only four months on his original sentence, since he had actually served more than five months. Assuming Bostic did not waive the right to have his counsel so argue, we would find that he forfeited the right by his failure to make timely assertion. See Olano, 113 S.Ct. at 1777 (distinguishing between waiver and forfeiture). While there might then have been error in the denial, it would have been neither plain nor would it have affected substantial rights such that reversal would be required. Olano, 113 S.Ct. at 1777-1778. The distinction between four and five months previously served had little if anything to do with the substance of matters before the court at the revocation hearing. Bostic had already had the outer range of his sentencing guidelines reduced from 33 months to 13 months, pursuant to U.S.S.G. Sec. 5K1.1; he had received a sentence of time served, approximately five months, with a condition that he reside in a halfway house near his family for six months; and, as Judge Boyle observed, he had "violated at his first opportunity."
 It would seem extremely improbable that anything Bostic's counsel might have said would have changed the district court's decision. Beyond that, any error by the district court did not "seriously affect the fairness, integrity or public reputation of judicial proceedings," Olano, 113 S.Ct. at 1779, citing United States v. Atkinson, 297 U.S. 157, 160 (1936), such that we would deem it appropriate to exercise our discretion to correct the error.