# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-3819

———————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *  Appeal from the United States |
| v. | *  District Court for the Southern |
| | *  District of Iowa. |
| Gerald Lee Gammage, | * |
| | * |
| Appellant. | * |

———————

Submitted: June 9, 2009
Filed:  August 13, 2009 (Revised August 28, 2009)

———————

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

———————

ARNOLD, Circuit Judge.

Gerald Gammage appeals from the sentence of 180 months' imprisonment that the district court imposed after a jury found him guilty of knowingly possessing a firearm after having been convicted of a misdemeanor crime of domestic violence, *see* 18 U.S.C. § 922(g)(9).  We reverse and remand for resentencing.

Mr. Gammage maintains that the district court erred in concluding that he had been convicted of burglary three times before his instant conviction and was therefore an armed career criminal subject to an enhanced sentence.  *See* 18 U.S.C. § 924(e). He points out that at his sentencing hearing the government introduced copies of commitment orders signed by the circuit clerk of Jones County, Mississippi, that, the

government asserted, indicated that he had twice been convicted of burglary of a dwelling, but that the only evidence of the third burglary conviction was an indictment for burglary of a pawn shop.

For its part, the government contends that while it did not introduce a commitment order for the third conviction into evidence at the sentencing hearing, there was in fact such an order (which it has appended to its brief on appeal); and it maintains that the district court had the order before it at a conference in chambers before the sentencing hearing and was therefore aware of it. The government thus requests permission to supplement the record with a copy of this commitment order. But pursuant to Fed. R. App. P. 10(e), we directed the district court to certify to us what occurred in the chambers conference before the sentencing hearing, and the district court has responded that it had no record or recollection of any such conference and no recollection of any commitment order for the alleged third conviction. The district court's response further stated that while it routinely met with counsel before sentencing hearings to determine what issues might arise during the hearing, "these meetings are not on the record, no substantive discussion is involved, no argument is offered, and no substantive decisions made." (*See* Appendix.) We therefore have no occasion to allow the record to be amended, as there is no reason to believe that the record on appeal does not adequately reflect what occurred in the district court.

The government also points out that Mr. Gammage did not object to the part of the presentence investigation report that described the facts that underlay his alleged third conviction, and argues that those facts describe conduct that qualifies as a generic burglary and thus for the enhancement. *See United States v. Reliford*, 471 F.3d 913, 916-17 (8th Cir. 2006), *cert. denied*, 550 U.S. 938 (2007). But the infirmity in this argument is that while Mr. Gammage did not object to the facts laid out in this portion of the presentence investigation report, he did object to the fact of conviction itself, thus putting the government to its proof that there indeed was one. And it is the

proof that Mr. Gammage was convicted of this third burglary that is missing from the record. As we have said, the government introduced only an indictment to prove up this third offense and, as jurors are often told in the very first instruction in a criminal case, "an indictment is simply an accusation. It is not evidence of anything." Eighth Circuit Manual of Model Jury Instructions: Criminal § 1.01 (2009 ed.).

We therefore conclude that the district court erred in determining that Mr. Gammage was an armed career criminal and we remand the case for resentencing. Because the government was clearly on notice that it was required to prove up Mr. Gammage's convictions before he would be subject to the enhancement at issue, we direct the district court on remand to resentence Mr. Gammage based on the record already before it. *See United States v. Poor Bear*, 359 F.3d 1038, 1043-44 (8th Cir. 2004); *United States v. Houston*, 338 F.3d 876, 882 (8th Cir. 2003); *United States v. Hudson*, 129 F.3d 994, 995 (8th Cir. 1997) (per curiam). There were no arcane legal principles involved in this case, and the district court committed no legal error that misled the government or deflected it from introducing its evidence. *Cf. United States v. Dunlap*, 452 F.3d 747, 749-50 (8th Cir. 2006). Mr. Gammage's counsel, moreover, not only objected generally to the insufficiency of the government's proof of the third conviction, he even pointed out specifically that an indictment was not evidence of a conviction. As the D.C. Circuit succinctly put it in a similar situation, we see "no reason why [the government] should get a second bite at the apple." *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995). We made exactly the same point this last year in *United States v. Otey*, 259 Fed. Appx. 901, 902 (Jan. 11, 2008), when we observed that because "the Government had sufficient notice of [the defendant's] factual objection ... it should not be afforded a second opportunity to present additional evidence on this issue."

Rules can, and certainly do, provide for new trials on the basis of newly-discovered evidence in some kinds of cases, but not for the government in criminal cases. And besides, there is no newly-discovered evidence here: The government had

the evidence but simply did not introduce it. Relief can also be had for certain kinds of mistakes by defense counsel in criminal cases through post-conviction remedies, but of course there is no similar remedy open to the government. The law, from considerations of efficiency and fairness, does not generally favor do-overs, as various estoppel doctrines like *res judicata* and double jeopardy attest. We see no apparent reason to stray from the traditional path in the present circumstances. The government, moreover, does not invoke any general legal principle that would authorize us to afford it a second chance to make its case, and given the present record, and the current state of applicable common-law and statutory arrangements, we cannot discern one.

The government's motion to supplement the record and the defendant's motion to supplement the record are denied.

Reversed and remanded.

_____

## APPENDIX

## UNITED STATES COURT OF APPEALS  FOR THE EIGHTH CIRCUIT

No: 08-3819

United States of America,

Appellee

v.

Gerald Lee Gammage,

Appellant

---

Appeal from U.S. District Court for the Southern District of Iowa - Des Moines

(4:07-cr-00093-JEG-1)

---

## ORDER

Pursuant to F.R.A.P. Rule 10(e)(1), the court requests a certification from the district court as to events occurring in chambers before the sentencing hearing was convened in the instant case. In particular, the court wishes to be informed whether the district court at any time had before it and considered a commitment order from the Circuit Court of Jones County, Mississippi, attesting to the defendant's conviction of a burglary offense in the circuit court's January term of 1984.  The court also wishes to be informed whether the parties' attorneys were present at any in camera proceeding that occurred before defendant's sentencing hearing, whether the defendant  was present, and what argument, if any, on sentencing matters was heard at that time.

The court requests that the district court provide a response as expeditiously as possible and direct it to the court's clerk, Michael Gans, Esq.

July 07, 2009

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth
Circuit.

_____

/s/ Michael E. Gans A true copy.

ATTEST:
CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

_____

/s/ Michael E. Gans

# UNITED STATES DISTRICT COURT
## Southern District of Iowa



*Chambers of*
**JAMES E. GRITZNER**
*District Judge*
United States Courthouse
123 East Walnut Street
Des Moines, IA 50309

Phone: 515/284-6291
Fax: 515/284-6205

**FILED**

JUL 07 2009

~~~~~ ~~~~~
CLERK OF COURT

July 7, 2009

*Via facsimile and U.S. Mail*

Michael E. Gans, Esq.
Clerk of Court
United States Court of Appeals
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

RE: 08-3819 United States v. Gerald Gammage

Dear Mr. Gans:

Pursuant to the Order of the United States Court of Appeals for the Eighth Circuit in United States v. Gerald Lee Gammage, No. 08-3819, this Court provides the following certification regarding matters in connection with the underlying sentencing proceedings in this Court.

There is no indication in the record or the files of this Court that it ever was provided with or considered a commitment order from the Circuit Court of Jones County, Mississippi, attesting to Defendant's conviction of a burglary offense in that court's January term of 1984. The Court has no independent recollection of such a document. While the Exhibit and Witness List (Clerk's No. 121) identifies Exhibit 3 as a 1983 Mississippi Commitment Order, that exhibit is in fact an Indictment from the January 1984 term of the Jones County, Mississippi court, and is correctly identified as such in the transcript.

This Court has no record and no specific recollection of a meeting prior to this sentencing hearing. However, this sentencing hearing was set to begin at 1:30 p.m. and the Clerk's Minutes reflect the hearing began at 1:45 p.m., suggesting there was a brief discussion with counsel prior to the hearing. In the absence of any specific recollection, the Court relies on routine procedure in responding further. The Court frequently meets briefly with both counsel prior to a sentencing hearing to address procedural questions simply alerting the Court to what issues remain to be addressed on the record and how the

-7-

lawyers wish to proceed. As these meetings are not on the record, no substantive discussion is involved, no argument is offered, and no substantive decisions are made. Only rarely are defendants present for this procedural discussion; and therefore the Court would not expect Mr. Gammage was present if such a meeting occurred in this case.

I trust this adequately responds to the Court's inquiry. I would be pleased to respond to any additional questions.

Sincerely,

James E. Gritzner
U. S. District Court Judge

cc:   Mr. William B. Ortman
Mr. William C. Purdy
Mr. Mark E. Weinhardt
Mr. Clifford D. Wendel