# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2513

_____

United States of America,            *
                                     *
        Appellee,         *
                                       *   Appeal from the United States
    v.                           *   District Court for the
                                       *   Western District of Missouri.
Stephen R. Thomas,          *
                                       *   [PUBLISHED]
        Appellant.       *

_____

Submitted: January 14, 2011
Filed: February 1, 2011

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Stephen Thomas pled guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Presentence Investigation Report ("PSR") calculated an advisory sentencing guidelines range of 57 to 71 months' imprisonment. In calculating this range, the PSR began with a base offense level of 24 pursuant to § 2K2.1(a)(2), which provides a base offense level of 24 if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence." Thomas previously had been convicted of robbery and felony escape, both of which the PSR cited as qualifying crimes of violence. According to the police report of the escape offense, as

summarized by the PSR, Thomas "escaped from custody while being transported from the Muskogee City Courtroom to the Muskogee County Detention Center." Thomas filed objections to the PSR, in which he conceded that his robbery conviction qualified as a crime of violence but argued that his escape conviction did not. Thomas did not object to the PSR's summary of the police report's factual account of the escape, arguing instead that the escape conviction did not qualify as a crime of violence because Oklahoma's escape statute "does not include any language relating to the use, attempted use, or threatened use of force."

At sentencing, the Government initially agreed with Thomas that his escape conviction was not a crime of violence, but for a different reason. The parties agreed that Thomas was convicted under Okla. Stat. tit. 21, § 443(A), which makes it a felony for any "prisoner having been lawfully detained" to "escape[] from a county or city jail, either while actually confined therein, while permitted to be at large as a trusty, or while awaiting transportation to a Department of Corrections facility for execution of sentence." Because the statute criminalizes escapes committed both by an individual who is "actually confined" and by one who is "at large as a trusty," the Government conceded that it encompasses both escape from custody, which qualifies as a crime of violence under our precedent, and failure to report, which does not. *See United States v. Pearson*, 553 F.3d 1183, 1186 (8th Cir. 2009). As the Government explained, the statute is accordingly over-inclusive, requiring the court to analyze it under the modified categorical approach to determine "which part of the statute was the basis for conviction" based on judicial records such as "charging documents, jury instructions, written plea agreements, transcripts of plea colloquies, and findings of fact and conclusions of law from a bench trial." *United States v. Vinton*, --- F.3d ----, 2011 WL 31526, at *6 (8th Cir. Jan. 6, 2011). The Government provided the district court with copies of the charging document and the judgment and sentence for Thomas's escape conviction.[1] However, the Government suggested that these

---

[1] Neither party included these documents in the record on appeal.

documents were insufficient to show whether Thomas had been convicted of an escape from custody or a failure to report. Accordingly, the Government conceded that it could not show that Thomas's escape conviction qualified as a crime of violence.

The district court, however, maintained that it could determine that Thomas indeed had escaped from custody, based on the PSR's summary of the facts underlying his escape conviction. The Government acquiesced, and the court held that the escape conviction qualified as a crime of violence, over Thomas's objection. Applying § 2K2.1(a)(2), the district court found Thomas's advisory guidelines range to be 57 to 71 months and sentenced him to 70 months' imprisonment. Thomas appeals, challenging the district court's conclusion that his escape offense qualifies as a crime of violence.

When reviewing a defendant's sentence on appeal, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing for procedural error, "[w]e review a district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error." *United States v. Gallimore*, 491 F.3d 871, 874-875 (8th Cir. 2007). "The burden is on the government to demonstrate by a preponderance of the evidence that an increase to a defendant's base offense level is warranted." *United States v. Encee*, 256 F.3d 852, 854 (8th Cir. 2001).

The district court based its ruling that Thomas's escape conviction was a crime of violence on the undisputed factual allegations in the PSR. Because the PSR merely summarized a police report, the Government conceded at oral argument before this Court that this ruling constituted procedural error under our circuit's precedent that "where '[t]he PSR expressly relie[s] on police reports . . . that would be inadmissible at sentencing'" under the modified categorical approach, the "PSR's factual

assertions, even if a defendant does not object to them, are 'not an adequate basis for affirming [the defendant's] sentence.'" *United States v. Williams*, 627 F.3d 324, 328 (8th Cir. 2010) (alterations in the original) (quoting *United States v. McCall*, 439 F.3d 967, 974 (8th Cir. 2006) (en banc), *abrogated in part on other grounds by Begay v. United States*, 553 U.S. 137 (2008)).  The Government further conceded that remand is appropriate, and we agree.  *See id.* at 329.

The Government requested that we allow the district court on remand to consider additional evidence that may establish that the escape conviction qualifies as a crime of violence.  The record, however, demonstrates that the Government was aware that it needed to produce a charging document, judgment, or comparable judicial record to show that Thomas's escape conviction qualified as a crime of violence.  In fact, the Government came to sentencing with acceptable documents but conceded that the documents it had been able to obtain were insufficient.  While the record may well reflect some confusion on the part of Thomas and the district court, the Government clearly understood its burden under the modified categorical approach and conceded that it was unable to meet it.  Under these circumstances, we conclude that the Government had a full and fair opportunity to present its evidence and that we should follow "'the traditional path' of limiting the Government to one bite at the apple." *United States v. King*, 598 F.3d 1043, 1050 (8th Cir. 2010) (quoting *United States v. Gammage*, 580 F.3d 777, 779-80 (8th Cir. 2009)).  Accordingly, we vacate Thomas's sentence and remand to the district court for resentencing based on the record already before it.  *See Gammage*, 580 F.3d at 780.

_____