<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4053**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN LUIS LLAMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:05-cr-00400-FDW-4)

Argued:  January 27, 2012                  Decided:  April 4, 2012

Before MOTZ, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Matthew Segal, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Michael Alan Rotker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:** Claire J. Rauscher, Executive Director, Allison Wexler, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina; Kevin Tate, Cecilia Oseguera, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Lanny A. Breuer, Assistant Attorney General, Greg D. Andres, Acting Deputy Assistant Attorney General, Ellen R. Meltzer, Patrick M.

Donley, Peter B. Loewenberg, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Luis Llamas appeals his sentence imposed following remand for resentencing. He contends his sentence is procedurally unreasonable because the district court's explanation incorporated by reference its analysis of the § 3553(a) factors from the original sentencing hearing, and he contends the sentence is substantively unreasonable because it is greater than necessary under the § 3553(a) factors. Finding no error, we affirm.

## I.

The facts of this case are well known to the parties and the Court, and are recounted in greater detail in the prior appeal. See United States v. Llamas, 599 F.3d 381, 383-85 (4th Cir. 2010). We therefore present only a brief summary.

Llamas participated in an elaborate telemarketing sweepstakes scheme operating in Costa Rica. Approximately sixteen call centers used the same basic technique, but functioned independently of each other. Llamas worked at one of the call centers, working his way up from a translator and security guard to a "room boss" or "office manager." Id. at 384. After working at the call center for approximately nine months, Llamas withdrew from the scheme and returned to his home in California.

As a result of his conduct, Llamas was named in a multi-defendant indictment in the Western District of North Carolina. He pleaded guilty to one count of conspiracy to defraud the United States, in contravention of 18 U.S.C. § 371; forty-two counts of wire fraud, in violation of 18 U.S.C. § 1343; one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and nineteen counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1). 599 F.3d at 385.

Although Llamas' presentence investigation report ("PSR") reflected a base offense level of seven, numerous adjustments for offense-specific characteristics resulted in an adjusted offense level of thirty-five.[1] At his first sentencing hearing, Llamas objected to imposition of the "vulnerable victim" and the three-level "aggravating role" increases. The district court considered the parties' arguments regarding the appropriateness of the adjustments, and found that both should be imposed. The

---

[1] The PSR recommended a sixteen-level increase based on the $1.1 million loss attributed to the call center during the period Llamas worked there (U.S.S.G. § 2B1.1(b)(1)(I)); a six-level increase based on there being approximately five hundred victims (§ 2B1.1(b)(2)(C)); a two-level increase because the conspirators misrepresented they were acting on behalf of a government agency (§ 2B1.1(b)(8)); a two-level increase because a substantial amount of the fraud occurred outside the United States (§ 2B1.1(b)(9)); a three-level increase based on Llamas' managerial or supervisory role in the offense (§ 3B1.1(b)(1)); a two-level increase because the majority of the scheme's victims were unusually vulnerable (§ 3A1.1(b)(1)); and a three-level reduction for acceptance of responsibility (§ 3E1.1)).

court then calculated Llamas' advisory Guidelines range to be 151 to 188 months' imprisonment, and imposed a below-Guidelines sentence of 132 months. It also ordered $4.27 million restitution, relying on the losses caused by not only the call center where Llamas worked, but also the other fifteen Costa Rican call centers. 599 F.3d at 385-87.

In the initial appeal, Llamas did not challenge his conviction, but did raise three issues regarding his sentence. He asserted the district court erred in applying the vulnerable victim adjustment; applying the aggravating role adjustment; and improperly calculating the amount of loss for which he could be held responsible in the restitution order. Id. at 387. We held "that the [district] court's application of the vulnerable victim adjustment was procedurally [un]reasonable" given that the court "failed to provide a sufficient explanation of its finding that Llamas should have known that his victims were unusually vulnerable." Id. at 388-89. But we held that "the district court did not clearly err in . . . find[ing] that Llamas was a supervisor of the [call center's] employees, rendering the [aggravating role] adjustment appropriate." Id. at 389-90. Lastly, we held—as the Government conceded—that the district court "abused its discretion with respect to the restitution order" because the Mandatory Victims Restitution Act of 1996 only permits a defendant to be liable for restitution

5

for losses "caused by the offense," i.e., losses attributable to the one call center's activity as opposed to the losses attributable to all sixteen call centers. Id. at 390-91. For these reasons, we affirmed Llamas' sentence in part, vacated it in part, and remanded "for such other and further proceedings as may be appropriate." Id. at 391.

On remand, the parties stipulated as to the amount of restitution that should be ordered, but once again disagreed as to the proper calculation of the Guidelines range, as well as to an appropriate sentence under the § 3553(a) factors.[2] The district court heard the parties regarding their view of an appropriate sentence under the § 3553(a) factors. As discussed in greater detail below, throughout those arguments, the court engaged the parties in a discussion of their reasoning and support for their positions. At the conclusion of the hearing, the district court imposed a below-Guidelines sentence of 126 months' imprisonment and ordered $1,685,252.46 restitution. In so doing, the court stated:

> The Court now is to the point of considering the
> sentencing factors as they apply specifically to Mr.
> Llamas' case. The Court did consider all the

---

[2] Because Llamas does not challenge his Guidelines calculation, we do not need to address that stage of the resentencing. The district court's recalculation of the Guidelines range yielded a term of 151 to 188 months' imprisonment.

6

sentencing factors in December of 2008, particularly starting on line 3 of page 161 of the transcript of that hearing, which is Document 312 on the record.

The Court readopts all its analysis of the sentencing factors that it did at that time, and reapplies all those analysis as if the Court were restating it today.

The Court does want to supplement its analysis, though, as the parties recall, the Court did [vary] downwardly 19 months because the Court was trying to avoid a disparate sentence the Court believes was occurring between [a co-defendant] and Mr. Llamas. The Court once again readopts that 19-month variance.

The Court also wants to add that it has considered the sentencing factors of restitution which is set forth at [§ 3553(a)(7)].

[The court then explained its earlier error as to restitution, and imposed a different amount. It continued that it] believes a modest addition to the variance is appropriate in this case.

So the Court varied last time to 19 months. The Court believes a 25-month variance is appropriate in this case, so it adds in the sentencing factor of restitution, which the Court had miscalculated previously.

With that said, the Court wants to emphasize it has considered all of the sentencing factors set forth in Section 3553(a). It has readopted its analysis of the discussion of the sentencing factors from the prior sentencing hearing . . . . It has supplemented its analysis of sentencing factors today. It is now ready to state a sentence it believes is sufficient but not greater than necessary to accomplish the goals of sentencing.

Llamas noted a timely appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

7

II.

In this appeal, Llamas challenges the procedural and substantive reasonableness of his sentence, both of which we review under the deferential abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007)("[A]ppellate court[s] must review the [procedural] . . . . [and] substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."). We are required to consider first "whether the district court committed a significant procedural error in imposing the sentence under § 3553. If no procedural error was committed, [we] can only vacate a sentence if it was substantively unreasonable in light of all relevant facts." United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009)(citing United States v. Curry, 523 F.3d 436, 439 (4th Cir. 2008)).

A.

Llamas first challenges the procedural reasonableness of his sentence, asserting that the district court erred by incorporating by reference the § 3553(a) analysis from the original sentencing proceeding rather than conducting a new analysis. He contends the district court's method ignored the arguments he raised at the resentencing hearing, which included new information related to a sentencing disparity between himself and his co-defendants. He argues that the district

8

court's statements at the original sentencing "cannot reflect consideration of [his] arguments at resentencing." In addition, Llamas claims that the rationale the district court provided in the original sentencing was flawed because it was "unmoored from § 3553(a)" and relied only on certain unfavorable § 3553(a) factors while overlooking those that weighed in his favor.

A district court commits a procedural error in sentencing if it "fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011)(internal quotation marks and citations omitted). As is evident from the recitation above, the district court's statements at the time it announced Llamas' sentence were limited, relying largely on the reincorporation of its prior comments. However, when considered in its entirety, the resentencing hearing demonstrates that the district court carefully considered each of Llamas' arguments and we therefore cannot say that the court's statements at sentencing constitute a reversible procedural error.

Llamas' argument that the district court erred by incorporating its comments from the earlier proceeding centers on his belief that the district court ignored his arguments during resentencing. But the record belies that contention.

9

Paramount is the fact that the district court imposed—for the second time—a below-Guidelines sentence, thus indicating that it agreed with Llamas that the § 3553(a) factors warranted a measure of additional leniency in his sentence.[3] In fact, at the resentencing, the district court granted a below-guidelines variance of six months more than at the first sentencing.

Moreover, the district court was clearly familiar with Llamas and the original proceeding, having not only conducted the original sentencing hearing, but also indicating that the judge had re-read the transcript from the original proceeding and referring to specific parts of it during re-sentencing. Furthermore, the court engaged in frequent exchanges with Llamas throughout the resentencing hearing, clarifying, contradicting, and questioning the arguments in such a manner that it is clear

---

[3] Specifically, at the original sentencing hearing, the district court stated that it had "considered all the sentencing factors set forth in 3553(a)," found Llamas' conduct to be "egregious" and part of a "very sophisticated operation . . . targeting victims in the United States, some of whom were vulnerable in age and mental acuity," and that the "extent of the victimization is extraordinary." J.A. 474-75. In addition, the court noted several of the § 3553(a) factors weighed in Llamas' favor, including Llamas' lack of a relevant criminal history record, his "great success in rehabilitation," his contribution to society except for "this grievous deviation," the lack of a need to deter others, and the need to avoid unwarranted sentencing disparities. J.A. 475-76.

he was hearing and considering Llamas' arguments.[4] For example, during Llamas' argument regarding sentence disparities for individuals convicted of fraud, the district court questioned Llamas, "Where do those statistics come from because they seem to be [in]consistent with the Sentencing Guidelines?" J.A. 638. This query not only provided Llamas with an opportunity to discuss the issue in greater detail, but also indicates that, in fact, the court was listening to and considering his arguments. The record reflects that throughout the resentencing hearing, the district court remained attuned to Llamas' arguments and how they related to the § 3553(a) factors and the offense at issue.

Before resentencing Llamas, the district court specifically indicated that it had once again "considered all of the sentencing factors set forth in Section 3553(a)." J.A. 650-51. And in addition to all of the above, the court referred specifically to its detailed explanation in Llamas' previous sentencing hearing and reincorporated the rationale set forth therein for purposes of explaining the reasons for the sentence it was imposing. The court also supplemented that analysis with

---

[4] For example, the district court corrected Llamas' factual statement at one point, J.A. 626, discussed the Bernie Madoff case as it relates to fraud sentences, J.A. 637-39 and 646, and gave counsel the opportunity "to reargue the sentencing factors [at resentencing] and argue for continuation of a the variance." (J.A. 627.)

11

its additional consideration of § 3553(a)(7)(regarding restitution), and found that this factor warranted an additional downward variance. The record therefore reflects that where the district court believed some new consideration should affect Llamas' resentencing it stated those reasons on the record and acted accordingly.

Lastly, contrary to Llamas' argument, the district court's earlier explanation of the reasons for its sentence was sufficiently tethered to the § 3553(a) factors to permit review of the reasonableness of the sentence. As we have frequently indicated, a sentencing court need not "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), but simply must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority," United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011)(quoting United States v. Rita, 551 U.S. 338, 356 (2007))(alterations in original).

As a whole, we cannot say that the district court failed to consider the § 3553(a) factors when sentencing Llamas, nor did it fail to provide a sufficient explanation for the sentence it imposed. Therefore we find no merit in Llamas' argument that his sentence was procedurally unreasonable.

B.

Llamas also contends that even though his sentence is below the advisory Guidelines range, it is still higher than necessary to satisfy the § 3553(a) factors given the undisputed mitigating circumstances of Llamas' background and rehabilitation. In sum, Llamas asserts the district court failed to explain why it "believed it was 'necessary' to impose a 126-month sentence . . . . "

In reviewing substantive reasonableness, we "examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). We "must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." Heath, 559 F.3d at 266 (citations and emphasis omitted). Importantly, we recently held that a below-Guidelines sentence is entitled to a presumption of reasonableness against a defendant's claim that the length of the sentence is too long. United States v. Susi, No. 11-4041, slip op. at 19 (4th Cir. March 21, 2012). While that presumption can be rebutted, we readily conclude from the record that Llamas has not done so in this case. Llamas' arguments on appeal reiterate the positions he took during the sentencing hearing.

13

The district court appropriately exercised its discretion in determining the extent to which those positions supported a variance. "That the court did not agree with [Llamas] as to the value, or relative weight, to give each factor and thus did not sentence [him] to as low a sentence as he desired does not in itself demonstrate an abuse of the court's discretion." Id. at 20. Accordingly, we hold that Llamas' sentence is substantively reasonable.

### III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED