DAVIS, Circuit Judge,
concurring in part and concurring in the judgment:
I concur in most of the majority opinion and in the judgment. I agree there are no grounds for vacating the conviction, for the reasons the majority explains. I also *481 agree that the district court procedurally erred in cross-referencing the August 17, 2007, murder of Charmeka Harris. The district court should not have, and cannot on remand, rely on the Harris murder to increase Horton’s advisory term of imprisonment under the Sentencing Guidelines. That conclusion, in my view, renders it entirely unnecessary and inappropriate to consider, as the majority does in section III-B, Horton’s alternative ground for challenging his life sentence: whether “the district court clearly erred in finding, as a factual matter and by a preponderance of the evidence, that Horton was involved in the August 17, 2007 robbery and responsible for the murder of Ms. Harris.” Maj. Op. at 474.
I.
The upshot of our conclusion that the Harris murder cannot be cross-referenced is this: the Sentencing Commission has determined that the courts generally should not tack on punishment for crimes such as the Harris murder to sentences for crimes such as Horton’s prohibited possession of the .22 rifle. In essence the Commission is telling us that Horton should only be punished for his alleged involvement in the Harris murder if the government can (and does) prove, to a jury and beyond a reasonable doubt, that Horton committed the murder. Indeed, the State of North Carolina apparently had intended to take that usual route — that is, until the district court in this case elected, erroneously, to invoke the murder cross-reference and sentence Horton to life imprisonment. At that point, the State dismissed the state charges, apparently realizing it was off the hook; it did not have to go through the effort and uncertainty of trying to prove, to a jury and beyond a reasonable doubt, that Horton was guilty of the murder.[1]
Because the murder is now irrelevant to the Guidelines calculation, the majority’s election to address the sufficiency of the evidence underlying the cross-reference can be explained only by the following series of dubious assumptions: (a) the government will argue on remand that the district court should disregard the Commission’s instruction to require that the Harris murder be charged and proven as a separate crime (or “relevant conduct” in relation to a separate crime); (b) the district court will foreclose the parties from submitting additional evidence on whether Horton committed the murder; (c) the district court will impose an upward variance under 18 U.S.C. § 3553(a) based on a finding that Horton committed the murder; and (d) a future panel of this court will find the hypothetical variant sentence substantively reasonable.
I do not think we should so easily assume the Commission was so obviously wrong, and I am not convinced the district court would so assume. Certainly, there is no authority for the district court to refuse reopening of the evidentiary record upon the resentencing. And, in any event, nothing this panel says about the evidence before the district court in the original sentencing could possibly bind a subsequent panel examining the evidentiary record created upon the remand for resentencing. Accordingly, the proper course would be to allow the district court to determine in the first instance (and undistracted by dicta from this court) whether, in its view, reliable evidence of Horton’s alleged involvement in the Harris murder would justify a substantial upward variance.
*482 II.
The majority’s election to reach out and address the evidentiary sufficiency issue also highlights a certain irony. In cases in which a criminal defendant has appealed a conviction on a particular count on both sufficiency-of-the-evidence and legal grounds, and in which there was legal error, this court regularly, and in my view erroneously, declines to decide whether the evidence was sufficient to support the conviction. See, e.g., United States v. Lawson, 677 F.3d 629, 651 n. 29 (4th Cir. 2012) (declining to address sufficiency of evidence; new trial awarded on ground of juror misconduct); United States v. Golding, 168 F.3d 700, 705 n. * (4th Cir.1999) (declining to address sufficiency of evidence; new trial awarded on ground of prosecutorial misconduct); United States v. King, 650 F.2d 534, 535 n. 2 (4th Cir. 1981) (declining to address sufficiency of evidence; new trial awarded on ground of denial of right to make closing argument in derogation of Sixth Amendment); see also United States v. Sandalis, 14 Fed. Appx. 287, 291 n. 7 (4th Cir.2001) (unpub.) (suggesting that sufficiency of evidence challenge would be “moot” if new trial were, to be awarded on the basis of juror misconduct), op. after remand, 39 Fed. Appx. 798, 804-05 (4th Cir.2002) (unpub.) (affirming convictions after considering, inter alia, evidentiary sufficiency).
That course is improper. Where a defendant shows on appeal that the evidence was insufficient for the government to meet its burden of proof, we must remand for the entry of a judgment of acquittal on the count unsupported by substantial evidence (irrespective of the presence of other legal error) because subjecting the defendant to a new trial would violate the Fifth Amendment’s Double Jeopardy Clause. Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). In cases where a count of conviction is tainted by legal error, we cannot fairly (or logically, I submit), decline to decide a sufficiency challenge to that count because the disposition of the appeal — remand for a new trial or remand with instructions to enter a judgment of acquittal — turns on whether the sufficiency challenge is meritorious.
Horton’s appeal of his sentence, and other such appeals, are fundamentally different than appeals of convictions such as those discussed above, because in this case the Double Jeopardy Clause does not prevent the district court from allowing the government and/or Horton to present additional evidence at Horton’s re-sentencing proceeding. “[T]o the extent that the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand, the district court may consider the issue de novo, entertaining any relevant evidence on that issue that it could have heard at the first hearing.” United States v. Bell, 5 F.3d 64, 67 (4th Cir.1993) (internal quotation marks omitted); cf. United States v. Gammage, 580 F.3d 777, 779 (8th Cir.2009) (remanding for the district court “to resentence Mr. Gammage based on the record already before it”). Indeed, the dearth of specific findings by the district court at Horton’s initial sentencing hearing prevents us from discerning whether additional evidence might lead the court to reconsider its conclusion that the government met its burden of proof.[2]
Therein lies the irony of the majority’s chosen course. On the one hand, in cases *483 such as Lawson, Golding, and King, we expressly decline to decide whether a conviction was supported by substantial evidence, even though deciding that issue might entitle a defendant to a judgment of acquittal rather than a bare remand. On the other hand, in cases like this one, where resolving the sufficiency of the evidence supporting a legally erroneous sentencing enhancement is unnecessary to the disposition of the appeal — and where a defendant might well have new grounds for attacking that evidence upon resentencing — the majority uses dicta to give the government a “thumbs up,” essentially predicting that the government will meet its burden again on remand.
For these reasons, the wise course for us would be to decline to decide whether the government mustered sufficient evidenee to prove by a preponderance that Horton committed the August 2007 murder. Sometimes, obiter dicta is both useful and harmless. At other times, it is both useless and harmful,- and thus inappropriate. This is one of those cases.
III.
In response to this concurring opinion, the majority has inserted its footnote twelve. I confess that I am perplexed by that footnote.
It is perfectly clear that the majority has confused Horton’s legal claim of evidentiary sufficiency, which is the subject matter of this concurrence, with a claim of “clear error” in the district court’s fact-finding, i.e., a potentially curable factfinding error under the Advisory Sentencing Guidelines.[3] Horton’s brief, at pages 44- *484 50, as an alternative argument to his principal (and dispositive) argument — the legal impropriety of the murder cross-reference — unmistakably challenges the sufficiency of the evidence that he was involved in the Harris murder. See Appellant’s Brief at 44, Argument Heading (“A PREPONDERANCE OF THE EVIDENCE DID NOT SUPPORT THE CROSS-REFERENCE TO FIRST DEGREE MURDER”). It is Horton, not the majority, that has presented his issues “in their logical order.” Because our resolution of the dispositive legal issue of the murder cross-reference fully disposes of the sentencing claim as the case comes to us, we should'stop there.
The majority’s response to this simple truth, see ante n. 12 (“If we had concluded that the district court clearly erred in its factual determination regarding the August 17, 2007- murder, the more complicated issue of the murder cross-reference’s applicability would not have been reached.”) is absolutely baffling. When a “more complicated” issue is a legal issue crying out for resolution for the benefit of the district judges in this circuit and the lawyers appearing before them, it would have been a derogation of our responsibility to clarify the law for this panel to have attempted to duck that issue, no matter how “complicated.”[4] And, I unhesitatingly note, the majority opinion performs that job-with exquisite cogency and clarity.
Finally, the majority’s reliance on dicta from United States v. Susi, 674 F.3d 278 (4th Cir.2012), is unavailing. I do not doubt that in any case this court’s mandate may expressly authorize, see, e.g., Bell, 5 F.3d at 67, or it may expressly prohibit, see, e.g., Gammage, 580 F.3d at 779, a district court’s reopening of the factual record upon a remand for resentencing. It is the mandate that is the sole authority for such cabining of a district court’s authority. In any event, as Susi made perfectly clear, that case was decided on the basis of harmless error, not the absence of error; thus, it has no salience here. See Susi, 674 F.3d at 283 (“We need not resolve whether the district court erred in concluding that it was barred from reconsidering the Sentencing Guidelines calculation, because even if we assume that the district court erred in this respect, that error was harmless under the facts of this case.”).
In sum, we should say no more than is needed in this case.

. I note that whether Horton was involved in the murder was a close question on the evidence presented. The government relied entirely on hearsay, much of which was double- or triple-hearsay, largely from cooperators whose veracity could reasonably be questioned on various grounds.

. The full extent of the district court's explanation for why it believed the government had met its burden was this: "I think that the Government is correct and the probation officer's got it right,” and "The court finds the basis for the findings contained in the presentence report credible and reliable and, therefore, the court adopts those findings.” J.A. 791-92.

. Consequently, the majority's citation to cases in which appellate courts have remanded cases for resentencing because curable factfinding errors in the district court's application of Sentencing Guidelines enhancements or adjustments were identified, is of no moment in the context of this case. See, e.g., United States v. Llamas, 599 F.3d 381, 388-90 (4th Cir.2010) (guidelines enhancement vacated for inadequate findings), aff'd after resentencing on remand, 473 Fed.Appx. 176 (4th Cir.2012); United States v. Manatau, 647 F.3d 1048, 1056 (10th Cir.2011) ("On remand, the district court should examine what losses Mr. Manatau intended.") (emphasis in original); United States v. Flores, 640 F.3d 638, 644-45 (5th Cir.2011) (sentence vacated where enhancement was based on district court’s erroneous recitation of trial evidence); United States v. Newman, 614 F.3d 1232 (11th Cir. 2010).
Indeed, the last case cited by the majority, United States v. Williams, 527 F.3d 1235 (11th Cir.2008), seriously cuts against its analysis. In Williams, the defendant-appellant was the executive director of a Georgia non-profit organization receiving federal grant funds. She was convicted of wire fraud and federal funds theft for redirecting a portion of those grant funds to unauthorized uses. On appeal, she challenged three guidelines adjustments: (1) aggravated-role; (2) abuse-of-trust; and (3) obstruction of justice. The Eleventh Circuit sustained application of the latter adjustment but found legal error in the district court’s application of the first two adjustments. In other words, in holding that at the resentencing after the remand the district court was flatly prohibited from reconsidering the first two adjustments, the Eleventh Circuit relied on the limited factual record before it, coupled with its legal determination, e.g., whether the husband could be deemed a participant in the scheme and whether appellant occupied a position of trust in respect to the federal grantor. See id. at 1249 ("Because the evidence is insufficient as a matter of law to show that Williams was 'an organizer, leader, manager, or supervisor of one or more other participants in criminal activity,' we conclude that the district court erred in applying the two-level aggravated-role adjustment under U.S.S.G. § 3Bl.l(c).” (emphasis added)); id. at 1251-52 ("Because there is no evidence that CNCS entrusted Williams with discretionary authority or placed a special trust, akin to that of a fiduciary, in Williams, the district court erred in applying the abuse-of-trust adjustment based on Williams's relationship with CNCS. On remand, the district court shall recalculate Williams's advisory Guidelines sentence without the § 3B1.3 adjustment.” (emphasis added)); id. at 1252 ("As to Williams's sentence, the district *484 court's factual findings do not justify application of adjustments for aggravated role or for abuse of trust. Therefore, we vacate Williams’s sentence and remand for resentencing without the upward adjustments under U.S.S.G. §§ 3Bl.l(c) and 3B1.3." (emphasis added)).
Thus, in Williams, the appellate court’s assessment of the factual record, in light of the controlling legal standards, prompted the court to find insufficient evidence to support two of the adjustments sought by the government and to mandate that those two adjustments were inapplicable as a matter of law; the court appropriately instructed the district court to impose a sentence upon remand without regard to those adjustments. The court did not, as the majority does here, go out of its way to signal the district court that it could resort to 18 U.S.C. § 3553(a) to achieve the same sentence of incarceration that had been imposed as a result of legal error in the calculation of the appellant's Guidelines sentencing range.

. As the docket of this case shows, acting nostra sponte barely three weeks before oral argument, we ordered counsel to file supplemental briefs on the guideline cross-reference issue. This action was entirely in keeping with the high importance of that issue, which is nicely resolved in the majority opinion.