# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-2299

_____

United States of America

*Plaintiff - Appellee*

v.

Ralph A. Ross, also known as R.A.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: March 22, 2022
Filed: April 5, 2022
[Unpublished]

_____

Before KELLY, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ralph Ross appeals the above-Guidelines sentence the district court imposed after he pleaded guilty to misprision of a felony. Ross argues that the district court erroneously relied on disputed allegations in the presentence report (PSR) in imposing his sentence. We agree.

The district court stated that the allegations were "difficult to get over" prior to imposing Ross's sentence, and found the sentence reasonable based on Ross's "alleged history." The court did not provide a basis for overruling Ross's objection to the allegations, however, and stated that it did not know whether the disputed allegations were true before relying on them. See Fed. R. Crim. P. 32(i)(3)(B) (at sentencing, court must--for any disputed portion of PSR or other controverted matter--rule on dispute or determine that ruling is unnecessary either because matter will not affect sentencing, or because court will not consider matter in sentencing); United States v. Richey, 758 F.3d 999, 1002-03 (8th Cir. 2014) (when defendant disputes facts in PSR, government must present evidence at sentencing to prove disputed facts; district court commits procedural error by basing sentence on unproven, disputed allegations rather than facts); United States v. Camacho, 348 F.3d 696, 700 (8th Cir. 2003) (courts have obligation to make factual finding on disputed allegations in PSR; PSR is not evidence and not legally sufficient basis for making findings on contested issues of fact).

Accordingly, we vacate Ross's sentence and remand for resentencing. Because the government had sufficient notice of Ross's objections to the factual allegations, we direct that resentencing be conducted on the existing record. See United States v. Thomas, 630 F.3d 1055, 1057 (8th Cir. 2011) (per curiam) (because government understood its burden of proof at sentencing hearing, it had a full and fair opportunity to present its evidence and was thus limited to one bite at the apple).

_____