# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1840

_____

United States of America,        *
                                 *

     Plaintiff - Appellee,    *

                                 *   Appeal from the United States

    v.                          *   District Court for the

                                 *   Western District of Missouri.

Antwaen D. Reliford,       *

                                 *

     Defendant - Appellant.   *

_____

Submitted: September 26, 2006
Filed:   December 26, 2006

_____

Before LOKEN, Chief Judge, BEAM and GRUENDER, Circuit Judges.

_____

LOKEN, Chief Judge.

Antwaen Reliford pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing, the district court[1] concluded that he is an armed career criminal, making him subject to a mandatory minimum fifteen-year prison sentence and an advisory guidelines base offense level of 34. See 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4(b)(3)(A). The court sentenced Reliford to 188 months in prison, the bottom of his advisory guidelines range. Reliford appeals, arguing that the government failed to prove that his prior state court convictions for tampering by

_____

[1]The HONORABLE FERNANDO J. GAITAN, United States District Judge for the Western District of Missouri

operation and for criminal threat were violent felonies under § 924(e), and that his sentence is unreasonable. We affirm.

## I.  The Armed Career Criminal Issues

A person convicted of being a felon in possession of a firearm is an armed career criminal for sentencing purposes if he has three prior convictions that were either "serious drug offense[s]" or "violent felon[ies]."  18 U.S.C. § 924(e)(1). Reliford concedes that his prior Missouri conviction for sale of a controlled substance was a serious drug offense under 18 U.S.C. § 924(e)(2)(A).  But he argues that his 1996 Missouri conviction for automobile tampering and his 1998 Kansas conviction for criminal threat were not violent felonies.  That term is defined in 18 U.S.C. § 924(e)(2)(B), which provides in relevant part:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another.

We review this issue de novo.  United States v. Johnson, 417 F.3d 990, 995 (8th Cir. 2005), cert. denied, 127 S. Ct. 285 (2006).

In determining whether an offense under state law is a violent felony for purposes of § 924(e)(2)(B), we apply the "formal categorical approach" adopted by the Supreme Court in Taylor v. United States, 495 U.S. 575, 600 (1990), an analysis that focuses on the statutory elements of the offense rather than the particular facts underlying the defendant's prior conviction.  When applying § 924(e)(2)(B)(i), the issue is whether those elements included the use, attempted use, or threatened use of

-2-

physical force against a person. When applying the "otherwise involves" provision in § 924(e)(2)(B)(ii), the issue is whether those elements "described conduct that necessarily entails a serious potential risk of physical injury." United States v. McCall, 439 F.3d 967, 970 (8th Cir. 2006) (en banc) (quotation omitted). An affirmative answer to either question means that the offense is eligible for the violent felony classification.

When an offense is eligible for violent felony classification but the state criminal statute is over-inclusive -- that is, the elements of the offense also encompass conduct that does not constitute a violent felony -- the sentencing court must consider the facts underlying the defendant's conviction to determine whether it was a violent felony for purposes of § 924(e)(2)(B). However, to avoid the practical difficulties and potential unfairness of retrying the prior case, this inquiry is conducted by examining a limited universe of judicial documents to determine whether the state court jury found, or the defendant admitted, that he was guilty of conduct constituting a violent felony. See McCall, 439 F.3d at 973-74, applying Taylor, 495 U.S. at 601-02, and Shepard v. United States, 544 U.S. 13, 26 (2005). In these circumstances, if the defendant fails to object to fact statements in the presentence investigation report (PSR) establishing that a prior offense was a violent felony conviction, the government need not introduce at sentencing the documentary evidence that Taylor and Shepard otherwise require. McCall, 439 F.3d at 974; United States v. Menteer, 408 F.3d 445 (8th Cir. 2005).

A. The Automobile Tampering Conviction. In 1996, Reliford was convicted of first degree motor vehicle tampering, a Missouri offense defined as "knowingly receiv[ing], possess[ing], sell[ing] . . . or unlawfully operat[ing] an automobile . . . without the consent of the owner." Mo. Ann. Stat. § 569.080.1(2). A violation of this statute is a violent felony under the "otherwise involves" provision in 18 U.S.C. § 924(e)(2)(B)(ii) if the defendant in fact *operated* the motor vehicle without the owner's consent. Like vehicle theft, tampering by operation of the vehicle creates the

risks of physical confrontation with the owner or police when the vehicle is taken and of a high-speed chase when the perpetrator attempts to escape. See United States v. Bockes, 447 F.3d 1090, 1092 (8th Cir. 2006); Johnson, 417 F.3d at 999. However, some violations of the Missouri tampering statute are not violent felonies, such as mere possession of another person's vehicle without consent. See United States v. Adams, 442 F.3d 645, 647 (8th Cir.), petition for cert. filed, Sept. 13, 2006. Therefore, a Missouri motor vehicle tampering conviction is a violent felony for purposes of 18 U.S.C. § 924(e) only if the government proves at sentencing, by means of evidence authorized by McCall, that the offense conduct included tampering by operation.

In this case, Reliford argues the sentencing record is insufficient to establish that his 1996 conviction involved tampering by operation. We disagree. Paragraph 33 of the PSR recited that Reliford was arrested while "driving" a stolen vehicle and that he later admitted to "driving the stolen vehicles and knowing the vehicles were stolen." Reliford filed no objection to paragraph 33. Therefore, the district court did not err in concluding that his tampering conviction involved tampering by operation, a violent felony within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii).

B. The Criminal Threat Conviction. Paragraph 36 of Reliford 's PSR recited that in April 1998 he was convicted of a Kansas charge that he "did unlawfully, willfully and feloniously threaten to commit violence and communicated said threat with intent to terrorize another [person]." At sentencing, Reliford objected to the underlying facts set forth in paragraph 36 but admitted that this conviction included as an element "the making of a threat to commit violence."

On appeal, Reliford argues that this was not a violent felony conviction because a "conviction for threats . . . presents neither an inherent potential for harm to others nor carries a serious risk of physical injury." However, as the government notes, this contention ignores the plain language of 18 U.S.C. § 924(e)(2)(B)(i), which defines

"violent felony" to include the "threatened use of physical force against the person of another." Thus, Congress has decided that convictions for threats to use physical force against another person are violent felonies. The question is whether that type of threat was an element of Reliford's 1998 Kansas conviction.

Section 21-3419(a)(1) of the Kansas Penal Code defines criminal threat as including a threat to:

> (1) Commit violence communicated with intent to terrorize another, or to cause the evacuation of any building, place of assembly or facility of transportation, or in reckless disregard of the risk of causing such terror or evacuation . . . .

Like the Tenth Circuit, we conclude that a conviction for a threat to commit violence communicated with the intent to terrorize another person is a violent felony within the meaning of § 924(e)(2)(B)(i). See United States v. Treto-Banuelos, 165 Fed. Appx. 668, 670-71 (10th Cir.), cert. denied 126 S. Ct. 2876 (2006); United States v. Mulay, 77 Fed. Appx. 455, 457-58 (10th Cir. 2003).[2] As Reliford admitted making this type of threat, the district court correctly concluded that his Kansas conviction was a violent felony and that he is therefore an armed career criminal.

## II. The Reasonableness Issue

Reliford next argues that his 188-month sentence is unreasonable. At sentencing, Reliford's counsel urged the court to impose the mandatory minimum

---

[2]Kan. Stat. Ann. § 21-3419(a) contains two other subparts that expand the definition of criminal threat to include threats to contaminate food, drugs, or a public water supply, and to expose animals to contagious diseases. Because 18 U.S.C. § 924(e)(2)(B)(i) is limited to the threatened use of physical force against the person of another, a conviction for committing one of these additional types of criminal threat might not be a violent felony for purposes of § 924(e).

fifteen-year sentence. Noting Reliford's extensive criminal history, the court instead imposed a sentence at the bottom of Reliford's advisory guidelines range, eight months above the mandatory minimum 180-month sentence. On appeal, Reliford argues that the district court failed to consider his addiction to marijuana and cocaine, and his limited education, lack of employable skills, troubled upbringing, and mental health issues. The PSR recited that the twenty-eight-year-old Reliford has fourteen juvenile and adult convictions, including multiple drug and firearm offenses as well as the tampering by operation and criminal threat offenses. When arrested for this offense, Reliford was driving a stolen motor scooter and carrying twenty three small bags of crack cocaine. He committed this offense while on probation and less than two years after his release from custody for a prior drug conviction. On this record, the district court's decision to impose a sentence at the bottom of Reliford's advisory guidelines range was not unreasonable.

The judgment of the district court is affirmed.

_____