**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4517**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

WILLIAM THURMAN ROGERS, JR.,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Walter D. Kelley, Jr., District Judge.  (4:06-cr-00139-WDK)

———————

Submitted:  November 28, 2007        Decided:  January 7, 2008

———————

Before MOTZ and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Gretchen L. Taylor, Assistant Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney, Norfolk, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Jessica M. Norris, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Thurman Rogers, Jr., pled guilty to unlawful possession of a firearm and ammunition by a convicted felon and was sentenced as an armed career criminal to a term of 180 months imprisonment. 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2007). Rogers appeals his sentence, contending that the district court erred in following <u>United States v. Smith</u>, 359 F.3d 662 (4th Cir. 2004), to determine that he was an armed career criminal; that <u>Smith</u> was incorrectly decided; and that his prior Virginia conviction for grand larceny from a person was not a violent felony within the meaning of § 924(e)(2)(B)(ii). We affirm.

A defendant is an armed career criminal under § 924(e)(1) if he has three previous convictions for violent felonies that occurred on separate occasions. A "violent felony" is defined in § 924(e)(2)(B) as one that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (ii) is burglary, arson, or extortion, involved use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Rogers had prior Virginia felony convictions for grand larceny from a person[*] in 1988, for robbery in 1990, and for maiming in 1994. In the district court, Rogers conceded that his

---

[*]Rogers was initially charged with robbery, but was convicted in a bench trial of grand larceny from a person in violation of Va. Code Ann. § 18.2-95 (2004).

- 2 -

prior maiming and robbery convictions were violent felonies, but argued that a conviction for grand larceny from a person does not involve a serious potential risk of injury to another, and that the district court should not rely on Smith because Smith dealt with a career offender sentence.  The district court concluded that Smith was not directly on point, but "close enough that its reasoning needs to be followed."  We agree.

Whether Rogers' Virginia conviction for grand larceny from a person qualifies as a violent felony under § 924(e) is a legal issue which we review de novo.  United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005), cert. denied, 547 U.S. 1005 (2006).  In Smith, we held that larceny from a person is a crime of violence because it "involves conduct that presents a serious potential risk of physical injury to another."  359 F.3d at 664 (internal quotation omitted).  We observed that "[t]he offense recognizes an enhanced societal concern for conduct that implicates at least a potential for personal assault, conduct that involves the person of the victim and jeopardizes his personal security." Id. at 665 (quoting Garland v. Commonwealth, 446 S.E.2d 628, 630 (1994)).  Although Smith interpreted the "otherwise" clause in U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (2002), because the language at issue in Smith is identical to the pertinent language in § 924(e)(2)(B)(ii), the district court correctly followed Smith.

Rogers argues that <u>Smith</u> was wrongly decided. However, <u>Smith</u> is contolling law in this circuit because "a decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." <u>United States v. Simms</u>, 441 F.3d 313, 318 (4th Cir.) (internal quotation omitted), <u>cert. denied</u>, 127 S. Ct. 2333 (2006). Consequently, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>