# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3054

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　*　District Court for the
Daniel Miguel Rush,　　　　　　　*　District of Minnesota.
　　　　　　　　　　　　　　　　　*
　　　　　　　Appellant.　　　　　*　[PUBLISHED]

_____

Submitted:  December 18, 2008
Filed:  December 24, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Daniel Miguel Rush pleaded guilty to being a felon in possession of a firearm. The district court sentenced him as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 based on his prior Wisconsin felony conviction for taking and driving a vehicle without consent and several Virginia felony convictions for grand larceny auto. Under Virginia law, larceny means wrongfully taking the property of another without permission and with the intent to permanently deprive him or her of that property, see McEachern v. Commonwealth, 667 S.E.2d 343, 345 (Va. Ct. App. 2008); and grand larceny includes both committing larceny from the person of another of property valued at $5 or more, and committing simple larceny not from the person of another of property valued at $200 or more, see Va. Code Ann. § 18.2-95. Rush

argues on appeal that his prior convictions for auto theft do not constitute violent felonies qualifying him as an armed career criminal, that the district court's fact finding violated the separation of powers doctrine and the Sixth Amendment, and that the residual provision of the Armed Career Criminal Act (ACCA) (the "otherwise involves conduct" clause) is unconstitutionally vague.

While Rush's appeal was pending, the Supreme Court issued its decision in Begay v. United States, 128 S. Ct. 1581, 1583-86 (2008) (to be "violent felony" under § 924(e)(2)(B)(ii), crime must be "roughly similar, in kind as well as in degree of risk posed," to examples listed in statute; listed crimes all typically involve purposeful, violent, and aggressive conduct). We then used the framework laid out in Begay to analyze a Missouri auto-theft law, Mo. Rev. Stat. § 570.030, that prohibited the appropriation of property of another with the purpose of depriving the owner of the property, either without the owner's consent or by means of deceit or coercion, and we concluded that auto theft without consent is not a crime of violence for Guidelines purposes. See United States v. Williams, 537 F.3d 969, 971-76 (8th Cir. 2008) (noting that statutory definition of "violent felony" is interchangeable with Guidelines definition of "crime of violence").

Accordingly, we conclude that Rush's Wisconsin conviction for taking and driving a vehicle without consent is not a violent felony under the ACCA.

Whether each of Rush's Virginia convictions qualifies as a violent felony depends on which offense he committed under the grand larceny statute, see United States v. Rogers, 260 Fed. Appx. 581, 581-82 (4th Cir. 2008) (per curiam) (Virginia conviction for grand larceny from the person qualifies as violent felony under § 924(e)), petition for cert. filed, (U.S. Apr. 7, 2008) (No. 07-10321); see also United States v. Strong, 415 F.3d 902, 908 (8th Cir. 2005) (stealing from person under Missouri law constitutes violent felony under § 924(e)), an inquiry which is restricted to examining a "limited universe of judicial documents," see United States v. Reliford,

471 F.3d 913, 916 (8th Cir. 2006) (when offense is eligible for "violent felony" classification but state criminal statute is over-inclusive--that is, elements of offense also encompass conduct that does not constitute "violent felony"--court must consider facts underlying conviction), cert. denied, 127 S. Ct. 2248 (2007); see also Shepard v. United States, 544 U.S. 13, 26 (2005) (inquiry is limited to terms of charging document, terms of plea agreement or transcript of colloquy, or some comparable judicial record of this information).

Because we cannot determine from the present record which offense Rush committed under the Virginia grand larceny statute, we vacate the sentence and remand for resentencing. See Williams, 537 F.3d at 973 (instructing district court to determine on remand, after considering materials permissible under Shepard, which auto-theft offense appellant committed). We reject Rush's constitutional challenges to such an undertaking by the district court. See James v. United States, 127 S. Ct. 1586, 1598 n.6 (2007); United States v. Hudson, 414 F.3d 931, 936 (8th Cir. 2005).

_____